UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                 Case No. 2:21-CR-00132-MHW
v.                                         JUDGE MICHAEL H. WATSON
                                               Magistrate Judge Jolson
ADAM RAWAHNEH,

        Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Revoke Detention Order (Doc. 51). For the following reasons, the Motion is **DENIED**.

To begin, Defendant has offered nothing new for this Court to consider that is material for determining whether he should be released pending resolution of this matter. Section 3142(f) of Title 18 allows for reconsideration of detention in the event of new information "that was not known to the movant at the time of the hearing and that has a material bearing on the issue[s]" of danger to the community or risk of flight. Here, Defendant argues that he made an appointment related to potential substance-abuse treatment, and he attaches a note indicating that he was initially assessed on August 23, 2021. Yet, Defendant's bond revocation hearing was August 26, 2021, meaning he was aware of this information at the hearing when the Court considered whether to detain him pending trial. In other words, none of this is new information, and it could have been presented before. And even if it is somehow "new," it does not change the fact that Defendant has failed to comply with treatment requirements while previously on release. So the Court does not consider this information material.

Moreover, Defendant presents both a risk of flight and danger to the community for the reasons explained at the prior hearing. Given the multiple violations, Defendant's pretrial officer

recommended bond revocation and detention. Indeed, this Court gave Defendant multiple opportunities to remain free. But he continually violated the terms of his release, including cutting and removing his location monitoring device. Counsel appears to argue that because Defendant did not like one of the conditions of release—specifically his residence requirement—Defendant violated other terms of his release. That is not an acceptable reason for Defendant's multiple violations.

Finally, the Court notes that Defendant has pled guilty before a Magistrate Judge. (Doc. 59). Assuming the District Judge adopts the Report and Recommendation (*id.*), the burden will then be on Defendant to show by clear and convincing evidence that he is neither a risk of flight nor a danger to the community in order to be released. *See* 18 U.S.C. § 3143. Defendant cannot meet this standard.

The Motion is **DENIED**.

IT IS SO ORDERED.

Date: September 21, 2021

/s/Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE